**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORMAN SANTOS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CHICAGO TRANSIT AUTHORITY, an ) | |
| Illinois governmental agency, ) | |
| ) | |
| Defendant. | |

**COMPLAINT**

Plaintiff, NORMAN SANTOS, by and through his attorney, Heidi B. Parker, Asher, Gittler & D'Alba, Ltd., hereby submits his Complaint against Defendant, CHICAGO TRANSIT AUTHORITY, and in support of his complaint against Defendant, states as follows:

**NATURE OF THE ACTION**

1. This is an action brought under the Age Discrimination in Employment Act of 1967("ADEA"), 29 U.S.C. § 621 *et seq.*, which prohibits discrimination against persons 40 years of age or older.

**JURISDICTION AND VENUE**

2. This suit alleges violations of 29 U.S.C. § 623(a)(1). This Court has jurisdiction of this action pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

3. The employment practices herein alleged to be unlawful were committed within the Northern District of Illinois. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(1).

i

## PARTIES

4. At all relevant times, Plaintiff was a resident of Illinois within the jurisdiction of this court and is protected by the ADEA from age discrimination.

5. At all relevant times, Defendant Chicago Transit Authority ("CTA") was and is an "employer" engaged in commerce within the meaning of the ADEA, 29 U.S.C. § 630(b).

6. At all relevant times, Defendant CTA has employed more than 20 employees.

7. Defendant CTA is an independent state governmental agency within the geographic boundaries of this Court and is authorized, by and through its agents, to act and is acting under and pursuant to Illinois law at all times material herein.

8. At all relevant times, Plaintiff was employed by Defendant CTA and was an "employee" of Defendant CTA within the meaning of the ADEA, 29 U.S.C. § 630(f).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. On September 14, 1987, Plaintiff was hired as a Motor Vehicle Equipment Engineer.

10. On December 4, 2011, Plaintiff was promoted to General Manager of Bus Engineering & Technical Services.

11. On July 17, 2013, Plaintiff was terminated without cause or warning.

12. At the time of his termination, Plaintiff was 52 years old.

13. The CTA provides a retirement pension benefit to eligible employees.

14. The CTA is responsible for funding the retirement pension fund on behalf of eligible employees.

15. Absent his termination on July 17, 2013, Plaintiff would have been eligible to receive an early retirement pension as a result of having 26 years of continuous service as of September 14, 2013.

16. All CTA employees with 26 years of continuous service are age 40 or over.

17. The CTA Retiree Health Care Trust ("RHCT") provides and administers health care benefits for CTA retirees and their dependents.

18. The CTA is responsible for funding the RHCT.

19. At the age of 55, Plaintiff and his wife would have been eligible for retiree health care coverage.

20. Plaintiff's termination resulted in Plaintiff being unable to receive an early retirement pension benefit.

21. Plaintiff's termination made him ineligible to receive a benefit from the RHCT.

22. Defendant CTA did not provide Plaintiff with a reason for his termination.

23. Plaintiff's performance reviews were that he met or exceeded expectations, and Plaintiff was promoted several times during his tenure.

24. Plaintiff had never been disciplined previously during his nearly 26 year tenure with the Defendant.

25. During the Equal Employment Opportunity Commission ("EEOC") investigation, the Defendant indicated that Plaintiff's termination arose out of an internal audit by the Defendant's Office of Internal Audit which resulted in a recommendation that the Defendant take unspecified remedial action against the Plaintiff.

26. During the EEOC investigation, the Defendant CTA for the first time stated that Plaintiff was terminated for alleged poor leadership in the Bus Maintenance Tech Services and Engineering Department.

27. Defendant had a progressive discipline policy that provides for intermediary disciplinary steps prior to termination.

28. An internal CTA employment record indicated that Plaintiff was discharged as the result of "reorganization."

29. On September 18, 2013, Plaintiff filed a charge with the EEOC.

30. On March 18, 2014, the EEOC issued to Plaintiff a Notice of Suit Rights.

## COUNT I: AGE DISCRIMINATION

Plaintiff realleges and incorporates by reference paragraphs 1 through 30 inclusive.

31. At the time of his termination, Plaintiff was a member of the protected class of individuals age 40 and over.

32. Plaintiff suffered an adverse employment action when he was terminated on July 17, 2013.

33. Plaintiff suffered an adverse employment action when he was terminated and denied eligibility for enhanced early retirement benefits.

34. Plaintiff was replaced with a less qualified employee who is substantially younger than the Plaintiff.

35. On July 17, 2013, Plaintiff was terminated because of his age, 52 years old, and denied eligibility for enhanced early retirement benefits.

36. Plaintiff was qualified and performing well as the General Manager of Bus Engineering & Technical Services to meet the Defendant's legitimate expectations.

37. The Plaintiff would not have been terminated but for his age and/or eligibility for enhanced early retirement benefits.

38. The reasons provided by Defendant during the EEOC investigation for termination were shifting and pre-textual.

39. Defendant acted willfully and in bad faith when it terminated Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for reinstatement, compensatory damages, prejudgment interest, liquidated damages, attorneys' fees, costs, and such other and further relief as the court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

/s/ Heidi B. Parker

Attorneys for Plaintiff
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500